IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 06-cv-02212-LTB

SONDRA NICHOLS,

    Plaintiff,
v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.
_____

ORDER
_____

    Plaintiff Sondra Nichols appeals Defendant's (the "Commissioner") final administrative decision denying her claim for disability insurance benefits under the Social Security Act (the "Act"). Jurisdiction in this appeal is proper pursuant to 42 U.S.C. § 405(g). Oral argument would not materially assist in the determination of this appeal. After consideration of the briefs and the record, I reverse the Commissioner's decision and remand the case for further proceedings consistent with this Order.

**I. Statement of the Case**

    Plaintiff applied for disability insurance benefits and supplemental security income under the Act in 2002. Following the initial denial of benefits, a hearing was held before an administrative law judge (the "ALJ") on August 29, 2005. On February 23, 2006, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. Plaintiff sought review of the ALJ's decision by the Appeals Council and submitted additional evidence for its review. On September 13, 2006, the Appeals Council concluded that there was no basis to

change the ALJ's decision, thereby rendering this decision the Commissioner's final decision for purposes of my review. Plaintiff timely filed this appeal seeking review of the Commissioner's final decision.

## II. Statement of Facts

Plaintiff is a high school graduate who has completed two years of college. Administrative Record ("AR") 87-88. Plaintiff was 43 years old at the time of the Commissioner's decision. AR 80. In the past, Plaintiff worked as a surgery technician, pharmacy technician, and a bookkeeper. AR 93. Plaintiff alleged that she became disabled beginning November 25, 2001 as a result of lung disease and breathing problems. AR 83 & 361. At the administrative hearing, however, Plaintiff requested disability benefits for a closed period of time from September 27, 2002 to January 3, 2005. AR 361. Plaintiff also presented evidence of an anxiety disorder and migraine headaches. AR 120 & 366-368.

Plaintiff was first treated for respiratory problems on September 27, 2002 when she went to the emergency room complaining of increasing shortness of breath. AR 152. Plaintiff was diagnosed with bilateral pneumonia and hypoxia. AR 152. Plaintiff was discharged a few days later on oxygen and with a course of antibiotics. AR 153. In a follow-up appointment, Dr. Daniel Thompson noted improvement and advised Plaintiff to continue with her antibiotics and oxygen. AR 120. Dr. Thompson also diagnosed Plaintiff with situational anxiety and adjustment disorder. AR 120.

Plaintiff was next treated by Dr. Joel Bechtel who diagnosed her with sarcoidosis. AR 207. Dr. Bechtel also diagnosed Plaintiff with "emotional liability" caused by the prednisone medication used to treat her respiratory condition. AR 203. Dr. Bechtel subsequently took

Plaintiff off prednisone and opined that her sarcoidosis was "resolved" as of November 3, 2003. AR 195 & 197.

On August 10, 2005, Dr. Bechtel completed a medical source statement of Plaintiff's ability to do work-related activities wherein he opined that Plaintiff could occasionally lift and/or carry less than 10 pounds; stand and/or walk less than 2 hours in an 8 hour day; sit without limitation; should not push/pull excessive weight; and climb and crawl occasionally. AR 241-42. Dr. Bechtel further opined that Plaintiff had no manipulative or visual/communicative limitations and should have limited exposure to dust, humidity, fumes, odors, chemicals, and gases. AR 243-44.

Plaintiff returned to work in January of 2005, working 20 hours per week. AR 361.

### III. Standard of Review

In reviewing the Commissioner's decision I determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1992); *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hamilton, supra,* 961 F.2d at 1498. I "may neither reweigh the evidence nor substitute [my] discretion for that of the Administrative Law Judge." *Kelley v. Chater,* 62 F.3d 335, 337 (10th Cir. 1995). Where evidence as a whole can support either the Commissioner's decision or an award of benefits, the Commissioner's decision must be affirmed. *See Ellison v. Sullivan,* 99 F.2d 534, 536 (10th Cir. 1990).

## IV. Analysis

In evaluating a claim for disability, the following five factors must be evaluated in sequence: (1) whether the claimant worked during the alleged period of disability; (2) whether the claimant had a severe impairment; (3) whether the claimant had a condition which met or equaled the severity of a listed impairment; (4) whether the claimant could return to past relevant work; and (5) if unable to perform past work, whether the claimant could perform other work in the national economy. 20 C.F.R.§404.1520.; *Williams v. Bowen,* 844 F.2d 748, 750 - 51 (10th Cir. 1988).

On appeal, Plaintiff challenges the ALJ's determination at Step 4 of the sequential process that Plaintiff was capable of performing her past relevant work as a bookkeeper and was therefore not disabled within the meaning of the Act. More specifically, Plaintiff argues that this determination was in error because the ALJ incorrectly concluded that Plaintiff's physical residual functional capacity ("RFC") allowed her to perform the full range of sedentary work and because the ALJ did not assess Plaintiff's mental RFC. I will address each of these issues in turn.

### A. The ALJ's Findings Regarding Plaintiff's Physical RFC

The governing regulations define sedentary work as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying our job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §404.1567(a). Social Security Ruling 96-9p more specifically provides that "[t]he full range of sedentary work requires that an individual be able to stand and walk for a total of

approximately 2 hours during an 8-hour workday. 1996 WL 374185 at *6 (1996). Social Security Ruling 96-9p recognizes that individuals who are only able to stand and walk for a lesser period of time will be limited in the types of sedentary occupations that they are capable of performing. *Id.* Social Security Ruling 96-9p likewise recognizes that individuals who are unable to lift 10 pounds will be limited in the types of sedentary occupations that they are capable of performing. *Id.*

In her findings, the ALJ stated that "[Plaintiff] has the following residual functional capacity: sedentary work that does not require exposure to respiratory irritants, that allows for the use of oxygen and does not require more than occasional climbing and crawling." AR 45. In determining Plaintiff's physical RFC, the ALJ accorded "significant weight" to the medical source statement of Dr. Bechtel wherein he opined, among other things, that Plaintiff could stand and/or walk for less than 2 hours in an 8 hour workday and could lift less than 10 pounds. AR 241. Dr. Bechtel subsequently provided a Medical Statement Regarding Sarcoidosis for Social Security Disability Claim wherein he opined that Plaintiff could stand for 1 hour during an 8 hour workday. AR. 23. There is no other evidence in the record to support a finding that Plaintiff could stand or walk for a total of approximately 2 hours during an 8-hour workday or that she could lift 10 pounds as is required for the full range of sedentary work.

Despite the lack of supporting evidence, both the ALJ's findings and her questioning of the vocational expert assume that Plaintiff possessed the standing and lifting capabilities required for the full range of sedentary work. AR 45 & 372. I must therefore reverse the ALJ's findings related to Plaintiff's physical RFC and and remand the case for further proceedings to determine whether Plaintiff was capable of performing her past relevant work as a bookkeeper despite

physical limitations which prevent her from performing the full range of sedentary work. If, on remand, the ALJ determines that Plaintiff was not capable of working as a bookkeeper, the ALJ must proceed to step 5 of the sequential process and consider whether Plaintiff was capable of performing other work in the national economy. *See* 20 C.F.R. §404.1520.

**B. The ALJ's Treatment of Plaintiff's Anxiety**

At step 2 in the sequential process, the ALJ determined that Plaintiff had the severe impairments of sarcoidosis and anxiety. AR 42 & 45. As a result, Plaintiff argues that the ALJ was required to specifically address how her anxiety would impact her ability to perform her past relevant work and that her failure to do so was in error. In response, the Commissioner does not argue that the ALJ specifically addressed Plaintiff's anxiety in her discussion of Plaintiff's RFC or ability to perform past relevant work. Instead, the Commissioner essentially argues that Plaintiff's anxiety did not constitute a severe impairment in the first instance because it was situational and did not persist for the requisite 12 month consecutive period. This argument, however, runs contrary to the ALJ's finding that Plaintiff's anxiety constituted a severe impairment (AR 42 & 45) and cannot be used to cure the ALJ's alleged error relating to this condition at step 4 of the sequential evaluation.

At step 4 in the evaluation process, the ALJ must evaluate and make specific findings regarding both the claimant's physical and mental RFC. *Winfrey v. Chater,* 92 F.3d 1017, (10th Cir. 1996). Although the ALJ ultimately found that Plaintiff's sarcoidosis and anxiety did not prevent her from performing her past relevant work as a bookkeeper (AR 45), the ALJ's decision is devoid of any analysis or discussion as to what impact, if any, Plaintiff's recognized severe impairment of anxiety had on her mental RFC or her ability to work as a bookkeeper.

Accordingly, on remand, the ALJ must also make specific findings regarding Plaintiff's mental RFC and what impact, if any, Plaintiff's anxiety has on her ability to perform her past relevant work as a bookkeeper.

IT IS THEREFORE ORDERED that

1. The Commissioner's decision is REVERSED; and

2. The case is remanded to the Commissioner with direction to remand it to the ALJ for further proceedings consistent with this Order.

Dated: December __4__, 2007 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, JUDGE